IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KEVIN JEROME JONES, §<br>　#01169005, §<br>　　PETITIONER, §<br>　§<br>v. §<br>　§<br>DIRECTOR, ET AL., §<br>　　RESPONDENTS. § | CIVIL CASE NO. 3:23-CV-334-S-BK |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this pro se case was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. Petitioner Kevin Jerome Jones, a state prisoner, filed this habeas corpus petition under 28 U.S.C. § 2254 challenging (1) the forfeiture of his street-time credits and (2) the violations of his civil rights. Doc. 3 at 2, 6-7. Jones moved for leave to proceed *in forma pauperis*. Doc. 4. Upon review of the relevant pleadings and applicable law, this case should be **ADMINISTRATIVELY CLOSED** in part and **DISMISSED** in part.

I.   ANALYSIS

**A. Prior Sanction Order Bars Filing of Habeas Petition**

Jones is barred from filing a habeas corpus action by this Court's prior sanction order in *Jones v. Spurlock,* No. 4:18-CV-1004-Y (N.D. Tex. Feb. 27, 2019); Civ. Doc. 9 at 3.

> Petitioner persists in filing frivolous and repetitive habeas petitions in this Court. Accordingly, the instant petition is DISMISSED as an abuse of the writ. Petitioner is ORDERED to pay a monetary sanction of $100 to the clerk of Court. If Petitioner attempts to file in this Court any pleadings that sound in habeas corpus without

providing proof of payment of the monetary sanction, the clerk will docket such papers or pleadings for administrative purposes only. Any submissions that do not show proof that the sanction has been paid may be summarily reviewed and closed under authority of this order.

*Id.*

As of this date, Jones has yet to pay the $100 monetary sanction and provide proof of payment. He is thus barred from filing any new habeas corpus action. Even so, because Jones' street-time-credit claim was previously adjudicated on the merits, he must first obtain leave to file a successive application from the United States Court of Appeals for the Fifth Circuit.[1] *See Jones v. Davis*, No. 4:18-CV-641-P, 2019 WL 4303101, at *2 (N.D. Tex. Sept. 11, 2019) ("At the time of Petitioner's parole revocation, he was not eligible to receive credit for his street time as a matter of state law under Texas Government Code § 508.283(b) because of his 2017 second-degree robbery conviction.").

### B. Three-Strikes Provision Bars Civil Rights Claims too

Jones also complains of civil rights violations. Doc. 3 at 6-7. To the extent he is attempting to raise civil rights claims, albeit on the § 2254 form, they should be severed and filed in a separate civil action. *See Nubine v. Thaler,* 2010 WL 3681033, at *1-2 (5th Cir. 2010) (separating civil rights claims raised in a habeas case (citing *Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458, 463-64 (5th Cir. 1998)).

That notwithstanding, Jones is barred by the three-strike provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g). That provision precludes a prisoner

---

[1] Before a petitioner may file a second or successive application in the district court, a three-judge panel of the United States Court of Appeals for the Fifth Circuit must determine whether the application makes the requisite prima facie showing. Failure to meet this requirement constitutes a bar to the district court's jurisdiction to consider a successive habeas petition. *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003)

from bringing a civil action *in forma pauperis* if on three or more prior occasions, while confined as a prisoner, he filed civil actions or appeals in federal court that were dismissed as frivolous or malicious, or for failing to state a claim. *Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007); *see also Brown v. Megg*, 857 F.3d 287, 290-91 (5th Cir. 2017) ("[S]ection 1915(g) comports with the PLRA's effort 'to filter out the bad claims filed by prisoners and facilitate consideration of the good.'" (quoted case omitted)).

This Court previously found Jones is barred from filing civil lawsuits by the PLRA three-strike provision. *See Jones v. Bowers*, 3:22-CV-1783-E-BK, 2022 WL 17979829, at *1 (N.D. Tex. Sep. 26, 2022) (dismissing complaint as barred under § 1915(g) and collecting Jones' prior strikes and dismissals under the three-strikes provision), *R. & R. adopted*, 2022 WL 17978809, *1 (N.D. Tex. Dec. 28, 2022).

Having accumulated three "strikes," § 1915(g) precludes Jones from proceeding *in forma pauperis* unless he alleges that he is in "imminent danger of serious physical injury" at the time of filing the complaint. *See Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998). As in his earlier cases, Jones' allegations are difficult to decipher. It appears he now complains about violations of his civil rights because of internal prison policies and unsanitary conditions of confinement at the Wynn Unit. Doc. 3 at 2, 6-7. Even when liberally construed, however, his claims lack any allegation of imminent danger of serious physical injury. *See Roberson v. Morgan*, 858 F. App'x 158, 159 (5th Cir. 2021) ("[S]peculative and conclusory allegations are insufficient to make the showing required to avoid application of the three strikes bar under § 1915(g)."). And "allegations of past harm are insufficient to show imminent danger within the meaning of § 1915(g)." *Floyd v. Lumpkin*, 2023 WL 1793874, at *1 (5th Cir. Feb. 7, 2023)

(citing *Banos*, 144 F.3d at 884-85). Jones is thus barred from proceeding *in forma pauperis* under § 1915(g).

## II.  CONCLUSION

For the above reasons, Jones' habeas action should be **ADMINISTRATIVELY CLOSED** as barred by the February 27, 2019 sanction order in No. 4:18-CV-1004-Y and his civil rights claims should be **SEVERED** and **DISMISSED** as barred by the three-strike provision of 28 U.S.C. § 1915(g). The latter dismissal is with prejudice to Jones refiling an *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to him refiling this lawsuit with full payment of filing and administrative fees of $402.00.

**SO RECOMMENDED** on February 17, 2023.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).